Dear Sheriff Fuselier:
We are in receipt of your opinion request and it has been assigned to me for research and reply. As per our telephone conversation, you question the validity of a certain ordinance passed by the Board of Aldermen of the City of Breaux Bridge which seeks to prohibit the general public from bringing ice chests or similar containers on festival grounds during the Breaux Bridge Crawfish Festival.
The ordinance provides, in part:
 A. The use of ice chests on the designated Festival Grounds by the general public shall be prohibited during the period of time established for the celebration of the Crawfish Festival, which is the first full weekend in May.
* * *
 D. The sponsoring organizations so designated by the Board of Aldermen shall be responsible for the enforcement of the prohibition contained herein, and may waive the above prohibition on any reasonable condition established by that sponsoring organization. However, any such conditions shall be consistently applied and shall only be effective in that section of the festival grounds governed by the sponsoring organization. (Emphasis added).
We note that the wording of the ordinance is unclear. First, the ordinance does not define the boundaries of the festival grounds. Further, the ordinance seeks to prohibit certain conduct, but does not include either criminal or civil penalties. Should the drafters have intended that the conduct be punishable as an offense, we note constitutional infirmity. The ordinance authorizes the sponsoring organizations to enforce the ordinance. Powers of criminal enforcement are vested constitutionally in the sheriff as the chief law enforcement officer of the parish. LSA-Const. Art. V, Section 27 (1974). Other law enforcement officers commissioned under constitutional or statutory authority may also have concurrent jurisdiction, but we find no authority allowing delegation of criminal enforcement to a private organization. Finally, LSA-C.Cr.P. Art. 214 allows a private citizen to make an arrest when the person has committed a felony offense. The law does not permit a private citizen to arrest when the person arrested is engaged in an act which would constitute a misdemeanor offense.
Because of the foregoing, we are of the opinion that the ordinance is subject to constitutional attack. We suggest that the ordinance be amended to define the penalty for the proscribed conduct, to eliminate that provision allocating enforcement to the sponsoring organizations, and to define the boundaries of the festival grounds.
Should you require any further assistance, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ams 0072E